Anthony INTERDONATO,
Plaintiff–Appellant,

v.

BAE SYSTEMS, INC., d/b/a Reconnaissance and Surveillance Systems, Inc., f/k/a/ Lockheed Martin Corporation, and Lockheed Martin Fairchild Corp., Defendants–Appellees.

No. 00–9114.

United States Court of Appeals, Second Circuit.

June 5, 2001.

Rick Ostrove, Leeds, Morelli & Brown, P.C., Carle Place, NY, for appellant.

Mark N. Reinharz; Bertrand B. Pogrebin, James P. Clark, of counsel, Rains & Pogrebin, P.C. Mineola, NY, for appellee.

Present JON O. NEWMAN, CABRANES, Circuit Judges, and UNDERHILL, District Judge.[1]

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is REVERSED.

Plaintiff-appellant Anthony Interdonato timely appeals from a judgment entered by the District Court on July 31, 2000, which granted defendant-appellee BAE Systems, Inc.'s ("BAE") motion for summary judgment, and dismissed Interdonato's complaint. For the reasons stated below, we reverse.

After nearly fifty years at BAE, Interdonato retired in March 1997. On October 24, 1997, he initiated this action, claiming that BAE discriminated against him on the basis of age in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §§ 621, et seq., and the New York Human Rights Law, New York Executive Law §§ 290, et seq. ("New York law"). The basis of these claims was that Interdonato's 1997 retirement from BAE amounted to an impermissible constructive discharge.

When ruling on BAE's summary judgment motion, the District Court held that: (1) it could not consider the evidence contained in an affidavit sworn to by Interdonato on November 8, 1999 because that affidavit contradicted deposition testimony that he had previously given; and (2) on the basis of the remainder of the evidence that Interdonato had submitted, no rational trier of fact could conclude that BAE constructively discharged Interdonato by creating working conditions that were so intolerable that they would have compelled a reasonable person in the same situation to retire. Accordingly, the District Court concluded that Interdonato could not make out an age discrimination claim.

We reverse on the grounds that the District Court impermissibly disregarded the evidence contained in Interdonato's November 8, 1999 sworn affidavit, and that Interdonato survives summary judgment on his age discrimination claim under the ADEA and New York law on the basis of the evidence that he submitted to the District Court.

Construing the facts, resolving all ambiguities and drawing all inferences in Interdonato's favor, there is sufficient evidence in the record to raise a genuine issue of fact whether BAE constructively discharged Interdonato under circumstances giving rise to an inference of discrimination. This court has consistently warned that particular caution should be exercised when deciding whether summary judgment should issue in an employment discrimination case when intent is at issue. *See Chertkova v. Connecticut Gen. Life Ins.*, 92 F.3d 81, 87 (2d Cir.1996).

## I. PRIMA FACIE CASE UNDER THE ADEA

■ To establish a prima facie case for unlawful termination of employment under the ADEA, an employee must show: "(1)

**1.** Of the United States District Court for the District of Connecticut, sitting by designation.

that he was within the protected age group, (2) that he was qualified for the job, (3) that he was discharged, and (4) that the discharge occurred under circumstances giving rise to an inference of age discrimination." *Stetson v. NYNEX Service Co.*, 995 F.2d 355, 359 (2d Cir.1993). "A 'discharge,' in satisfaction of the third element of the prima facie case, may be either an actual termination of the plaintiff's employment by the employer or a 'constructive' discharge." *Id.* at 360. "Constructive discharge of an employee occurs when an employer, rather than directly discharging an individual, intentionally creates an intolerable work atmosphere that forces an employee to quit involuntarily. Working conditions are intolerable if they are so difficult or so unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Chertkova*, 92 F.3d at 89 (internal quotation marks and citation omitted).

At issue here are the third and fourth elements of plaintiff's prima facie case under the ADEA. The District Court held that Interdonato did not produce sufficient evidence to show that he was constructively discharged and therefore did not consider whether any discharge occurred under circumstances giving rise to an inference of discrimination.

### a. Constructive Discharge

#### 1. *Interdonato's Affidavit*

As a preliminary matter, Interdonato's affidavit should have been considered on summary judgment. Due to the limited scope of the questions and answers at issue in Interdonato's deposition, the use of legal terms in those questions, and the failure of the deposing attorney to sufficiently pin down Interdonato's answers, Interdonato's affidavit does not actually contradict his earlier deposition. *See Palazzo v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000); *Langman Fabrics v. Graff Califor-*

*niawear, Inc.*, 160 F.3d 106, 112–13 (2d Cir.1998). Although the District Judge considered the affidavit's allegations of discriminatory remarks to conflict with several cited deposition answers, it appears that only one of the cited answers responded to a question specifically inquiring about discriminatory "remarks" and that response stated that such remarks had been made. *See* Interdonato deposition at p. 323. Moreover, there is independent evidence in the record corroborating Interdonato's affidavit, thus reducing the possibility that the affidavit contained sham information. *Palazzo*, 232 F.3d at 43–44. Therefore, the district judge improperly disregarded Interdonato's affidavit.

#### 2. *Intent to Constructively Discharge Interdonato*

There is sufficient evidence in the record to raise a genuine issue of fact whether BAE intended to terminate Interdonato. Interdonato's cell manager testified that, in 1992, BAE management instructed him to watch Interdonato closely and write him up for everything, despite the fact that Interdonato's work was good. It is undisputed that the manager thereafter did write up Interdonato. That same cell manager also testified that, in 1994, management told him that BAE was transferring Interdonato to his position as inspector for the express purpose of firing him. From this evidence, a reasonable jury could conclude that BAE intended to constructively discharge Interdonato.

#### 3. *Deliberate Creation of Intolerable Working Conditions*

Based on the evidence contained in the record, a reasonable jury could find that BAE deliberately created working conditions for Interdonato between August 1996 and Interdonato's announcement of his resignation in November 1996 that were so unpleasant that a reasonable per-

son in Interdonato's shoes would have felt compelled to retire. *See Chertkova,* 92 F.3d at 89. For example, Interdonato has adduced evidence regarding BAE's conduct that a reasonable jury could conclude to have occurred during the relevant time frame that creates genuine issues of fact whether: (a) Interdonato's supervisor singled him out by scrutinizing him and holding him accountable to a greater extent than similarly situated employees; (b) management disciplined Interdonato without cause; (c) management told Interdonato that he would not make it to his intended retirement at fifty years; (d) management's suggestions that Interdonato retire were veiled threats to fire him, based on non-existent or minimal performance problems, if he did not retire; and (e) management failed to restrain employees from making daily derogatory and abusive age-related comments to Interdonato, that management had personally witnessed or had been made aware of, in front of many employees during working hours.[2]

By themselves, many of BAE's acts would not rise to the level necessary to show that management deliberately created intolerable work conditions for Interdonato. A reasonable jury, however, could conclude, based on the totality of BAE's actions and inactions, in conjunction with the evidence that BAE intended to terminate Interdonato, that the company deliberately created an intolerable work environment in which a reasonable person in Interdonato's shoes would have felt compelled to resign. *See Chertkova,* 92 F.3d at 90. Therefore, a genuine issue of material fact exists and the question whether BAE constructively discharged Interdonato should go to the jury.

b. Circumstances Giving Rise to an Inference of Discrimination.

 Notwithstanding that the District Court did not reach this issue, there is more than sufficient evidence to satisfy the fourth prong of Interdonato's prima facie case. Although showing that his position went to a younger person would support an inference that BAE discriminated on the basis of age, the fact that BAE gave Interdonato's work to an older employee does not conclusively prove that BAE did not constructively discharge Interdonato because of his age. *See Montana v. First Federal Savings & Loan Ass'n of Rochester,* 869 F.2d 100, 104 (2d Cir.1989). There is sufficient additional evidence of BAE's discriminatory intent in the record to establish the fourth element of the prima facie case. Based on that evidence, a reasonable jury could find the following. BAE maintained a list of almost 100 employees over the age of 60, including Interdonato, showing each employee's age. The employees on this list were ones that BAE sought to terminate. BAE management

---

2. For example, a co-employee testified that one of Interdonato's fellow employees would consistently make abusive comments to Interdonato, such as: "You old fuck, why don't you retire? Give a young guy a break. You piece of shit. Why don't you leave the company?" Ammenwerth, a co-employee and cell manager, testified that he was present on several occasions when employees made derogatory comments about Interdonato's age and that management was present as well, but did nothing to stop the comments. Moreover, Pastore, another co-worker, testified that these comments were pervasive and abusive and that, after hearing these comments and on behalf of Interdonato, he complained to management via letter. Management specifically responded that this was not company policy and they could nothing about it, and did nothing to prevent further comments. The strength of the inference that BAE deliberately chose not to restrain employees from making these abusive comments to create intolerable working conditions for Interdonato is bolstered by other evidence, including that management transferred Interdonato for the express purpose of firing him.

made derogatory age-related comments about older employees and comments that management desired to eliminate older employees. In the past, BAE had placed older employees in positions that they were unable to perform well and then terminated them for poor performance. This evidence easily establishes Interdonato's minimal burden at the prima facie stage. *See Chertkova*, 92 F.3d at 90–91.

## II. CONCLUSION

BAE contends that any adverse action it took against Interdonato was justified by his poor performance. A reasonable jury might agree. Still, there is more than sufficient evidence for a reasonable jury to conclude that Interdonato was constructively discharged in violation of the ADEA. In addition, the record contains sufficient evidence to satisfy the remaining steps of the *McDonnell Douglas* analysis. *See Chertkova*, 92 F.3d at 87; *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Therefore, Interdonato has presented sufficient evidence to make out a case of age discrimination and BAE is not entitled to summary judgment.

Accordingly, the judgment of the District Court is REVERSED and the case is REMANDED. In remanding because the present record does not warrant summary judgment, we do not preclude the possibility that the defendant may be able, with additional affidavits, to obtain summary judgment on the ground that the employer can conclusively establish that, even if there was a constructive discharge, it would in any event have discharged Interdonato for what BAE contends was an egregious and—quite costly—inspection error.